UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GREENFIELD CHILDRENS PARTNERSHIP, Individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>v.<br><br>FRIENDFINDER NETWORKS, INC., LADENBURG THALMANN & CO., INC., IMPERIAL CAPITAL LLC, MARC H. BELL, DANIEL C. STATON, EZRA SHASHOUA, ANTHONY PREVITE, ROBERT BRACKETT, ROBERT B. BELL, BARRY W. FLORESCUE, JAMES LACHANCE, TOBY E. LAZARUS, and JASON SMITH,<br><br>                 Defendants. | No. _____<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT—CLASS ACTION**

**I.  INTRODUCTION**

1. Plaintiff, Greenfield Childrens Partnership ("GCP" or "Plaintiff"), by its undersigned attorneys, alleges upon personal knowledge as to it and its own acts, and upon information and belief as to all other matters, based on the investigation conducted by and through Plaintiff's counsel, which included, among other things, a review of the Defendants' public documents, conference calls and announcements issued by FriendFinder Networks, Inc. ("FFN" or the "Company"), wire and press releases published by and regarding the Company, and advisories about the Company, and other information readily obtainable on the internet.

1

## II.     NATURE OF THE ACTION

2.     This is a class action brought on behalf of investors who purchased FFN common stock pursuant to the Company's public offering of 5,000,000 shares of common stock on May 11, 2011 (the "May Offering").

3.     FFN is an internet and technology company that provides services in the social networking and web-based video sharing markets.  It runs a number of websites, including www.Amigo.com, www.AdultFriendFinder.com and www.BigChurch.com.  The Company was founded in 1965 and is headquartered in Boca Raton, Florida.

4.     The May Offering was pursuant to a Registration Statement and Prospectus filed with the SEC on May 10, 2011 and May 11, 2011, respectively (together, the "May Offering Documents").

5.     The May Offering Documents contained false and misleading statements regarding: (i) the purported time period that the Company's "lock-up" agreement would be in place, and (ii) the adequacy of FFN's internal financial controls.

6.     As a result of Defendants' misleading statements, Plaintiff and other members of the Class have suffered significant damages.

## II.     JURISDICTION AND VENUE

7.     The claims alleged herein arise under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o, and the rules and regulations of the Securities and Exchange Commission ("SEC") promulgated thereunder.

8.     This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a).

9. Venue is proper in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a) and 28 U.S.C. § 1391(d).

10. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities markets.

### III.   PARTIES

11. Plaintiff, GCP, purchased FFN common stock at artificially inflated prices, as set forth in the accompanying certification, which is incorporated by reference herein, and has been damaged thereby.

12. Defendant FFN is a Nevada corporation with its principal place of business in Boca Raton, Florida. The Company's common stock trades on the NASDAQ under the ticker symbol "FFN."

13. Defendant Ladenburg Thalmann & Co. Inc. ("Ladenburg") was an underwriter for the May Offering.

14. Defendant Imperial Capital LLC ("Imperial") was an underwriter for the May Offering.

15. Defendant Marc H. Bell ("M. Bell") was the Company's Chief Executive Officer, President and a Director and signed the May Offering Documents.

16. Defendant Daniel C. Staton ("Staton") was the Company's Chairman of the Board and Treasurer and signed the May Offering Documents.

17. Defendant Ezra Shashoua ("Shashoua") was the Company's Chief Financial Officer and signed the May Offering Documents.

18. Defendant Anthony Previte ("Previte") was the Company's Chief Operating Officer and signed the May Offering Documents.

19. Defendant Robert Brackett ("Brackett") was the President of the Company's Internet Group and signed the May Offering Documents.

20. Defendant Robert B. Bell ("R. Bell") was a Director of the Company and signed the May Offering Documents.

21. Defendant Barry W. Florescue ("Florescue") was a Director of the Company and signed the May Offering Documents.

22. Defendant James LaChance ("LaChance") was a Director of the Company and signed the May Offering Documents.

23. Defendant Toby E. Lazarus ("Lazarus") was a Director of the Company and signed the May Offering Documents.

24. Defendant Jason Smith ("Smith") was a Director of the Company and signed the May Offering Documents.

25. Defendants Ladenburg and Imperial are together referred to herein as the "Underwriter Defendants." Defendants M. Bell, Staton, R. Bell, Florescue, LaChance, Lazarus and Smith are collectively referred to herein as the "Director Defendants." Defendants Shashoua, Previte and Brackett are collectively referred to herein as the "Individual Defendants." The Underwriter Defendants, Director Defendants, Individual Defendants, and FFN are collectively referred to herein as "Defendants."

IV.    **FACTUAL ALLEGATIONS**

A.    **Background**

26.    FFN is an internet and technology company providing services in the market of social networking and web-based video sharing. FFN owns approximately 44,000 websites and operate in over 200 countries in 12 languages. Some of FFN's most heavily visited websites include AdultFriendFinder.com, Amigos.com and BigChurch.com. The Company has more than 484 million registrants and over 320 million members.

B.    **Substantive Allegations Under the Securities Act**

27.    On or about May 11, 2011, FFN offered and sold 5,000,000 shares of its common stock at $10.00 per share, for proceeds of $50 million.

28.    The May Offering coincided with certain vesting events. As a result, upon completion of the offering, there were 26,724,598 shares of common stock outstanding.

29.    According to the May Offering Documents, approximately 20.9 million shares of the Company's common stock were subject to a lock-up agreement:

> The 5,000,000 shares sold in this offering will be freely tradable, except for any shares purchased by our "affiliates" as defined in Rule 144 under the Securities Act of 1933, as amended. **Holders of at least 20,917,936 of the other shares outstanding or convertible into our common stock have agreed with the underwriters, subject to certain exceptions and extensions, not to dispose of any of their securities for a period of 180 days following the date of this prospectus, except with the prior written consent of the underwriters**. (Emphasis added).

30.    Thus, the maximum number of shares that should have been available for trading as of May 11, 2011 was as high as 5.8 million shares.

31.    The May Offering Documents further stated that the Company maintained a system of adequate internal financial controls:

> Beginning immediately, we will be required to establish and regularly evaluate the effectiveness of internal controls over financial reporting. . . . We have taken, and will continue to take, actions designed to enhance our disclosure controls and procedures. We have adopted a Code of Business Conduct and Ethics applicable to all of our directors, officers and employees. . . . The overall goals of these evaluation activities will be to monitor our internal controls for financial reporting and our disclosure controls and procedures and to make modifications as necessary.

32.     Contrary to the statements contained in the May Offering Documents regarding the existence of a lock-up agreement and the implementation of internal controls, a material number of restricted shares were sold into the public market place, despite the fact that the lock-up period will not expire until no earlier than November 11, 2011.

33.     As a result of this material increase in the number of shares that were being publicly traded, the share price for FFN common stock has plummeted, falling over 20% on the first day of trading alone, to close at $7.85 per share. As of November 9, 2011 the Company's common stock was trading at approximately $1.85 per share.

34.     Plaintiff and other Class members purchased FFN's common stock at artificially inflated prices, causing them to suffer the damages complained of herein.

### V.    CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action under the Securities Act pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of investors who purchased FFN's common stock in the May Offering.

36.     The members of the Class are located in geographically diverse areas and are so numerous that joinder of all members is impracticable. Although the exact number of Class members is unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are hundreds, if not thousands, of members of the Class who purchased the Company's common stock pursuant to the May Offering.

37. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) whether Defendants violated federal securities laws based upon the facts alleged herein;
>
> (b) whether the Registration Statement and Prospectus contained untrue statements of material facts about FFN and its internal financial controls;
>
> (c) whether the Individual and Director Defendants were controlling persons of FFN within the meaning of § 15 of the Securities Act;
>
> (d) whether Defendants performed appropriate due diligence in advance of the May 11 Offering; and
>
> (e) whether the members of the Class have sustained damages and, if so, the proper measure of damages.

38. Plaintiff's claims are typical of the claims of the members of the Class as Plaintiff and members of the Class sustained damages arising out of Defendants' wrongful conduct in violation of federal law as complained of herein.

39. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

40. A class action is superior to alternative methods for the fair and efficient adjudication of this controversy since joinder of all members of this Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VI.    NO SAFE HARBOR

41.    The statutory safe harbor under the Private Securities Litigation Reform Act of 1995, which applies to forward-looking statements under certain circumstances, does not apply to any of the allegedly false and misleading statements plead in this complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward-looking, they were not adequately identified as "forward-looking statements" when made, and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

### COUNT I
### (Against All Defendants)
### Violations of Section 11 of the Securities Act

42.    Plaintiff repeats and re-alleges each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

43.    This Count is asserted against all Defendants for violations of Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of all members of the Class who purchased or otherwise acquired the FFN shares issued in the May Offering.

44.    Defendants' liability under this Count is predicated on the participation of each Defendant in conducting the May Offering pursuant to the Registration Statement, which contained untrue statements and omissions of material fact.

45.    The Registration Statement contained untrue statements of material fact and omitted other facts necessary to make the statements not misleading, and failed to disclose material facts as described above. FFN was the Registrant, while the Individual Defendants and

the Director Defendants were executive officers and representatives of the Company who were responsible for the contents and dissemination of the Registration Statement, and signed the Registration Statement. As such, said Defendants issued, caused to be issued, and participated in the issuance of the Registration Statement and are subject to liability for violations of Section 11 of the Securities Act. The Underwriter Defendants are also liable pursuant to Section 11 of the Securities Act because they were underwriters of the May Offering and failed to exercise appropriate due diligence before conducting the offering.

46. Plaintiff and other members of the Class who acquired the securities in the May Offering pursuant to the Registration Statement did not know of the negligent conduct alleged herein or of the facts concerning the untrue statements of material fact and omissions alleged herein, and could not have reasonably discovered such facts or conduct.

47. Less than one year elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based. Likewise, less than three years elapsed from the time that the securities upon which this Count is brought were bona fide offered to the public.

48. Plaintiff and the other members of the Class have sustained damages. The value of FFN's shares sold in the May Offering has declined substantially subsequent to and due to Defendants' violations of Section 11 of the Securities Act. By reason of the foregoing, the Defendants are liable for violations of Section 11 of the Securities Act to Plaintiff and the other members of the Class who purchased or otherwise acquired FFN shares in the May Offering pursuant to the Registration Statement.

## COUNT II
### (Against FFN and the Underwriter Defendants)
### Violations of Section 12(a)(2) of the Securities Act

49. Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein. This Count is asserted against FFN and the Underwriter Defendants for violations of Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), on behalf of all members of the Class who purchased or otherwise acquired the FFN shares issued in the May Offering.

50. The Underwriter Defendants were sellers, offerors, and/or solicitors of sales of securities offered pursuant to the Prospectus. FFN also actively solicited the securities that were offered and sold pursuant to the Prospectus. The Prospectus contained untrue statements of material fact and omitted other facts necessary to make the statements not misleading, and failed to disclose material facts, as set forth above.

51. Plaintiff and other members of the Class who purchased or otherwise acquired securities in the May Offering pursuant to the materially untrue and misleading Prospectus and did not know or, in the exercise of reasonable diligence could not have known, of the false and misleading statements and omissions contained in the Prospectus.

52. The Underwriter Defendants and FFN owed to Plaintiff and other members of the Class who purchased or otherwise acquired securities in the May Offering pursuant to the materially false and misleading Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus, to insure such statements were true and that there was no omission of material fact necessary to prevent the statements contained therein from being misleading. The Underwriter Defendants and FFN did not make a reasonable investigation or possess reasonable grounds to believe that the statements contained in the

Prospectus were true and without omissions of any material facts and were not misleading. By virtue of the conduct alleged herein, the Underwriter Defendants and FFN violated Section 12(a)(2) of the Securities Act.

53.     Plaintiff, individually and representatively, hereby offers to tender to Defendants those shares which Plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such shares, in return for the consideration paid for those shares together with interest thereon. Class members who have sold their FFN shares are entitled to rescissionary damages.

## COUNT III

### (Against the Individual and Director Defendants)
### Violations of Section 15 of the Securities Act

54.     Plaintiff repeats and re-alleges each of the allegations set forth above as if fully set forth herein. This Count is asserted against the Individual and Director Defendants for violations of Section 15 of the Securities Act, 15 U.S.C. § 77o, on behalf of Plaintiff and the other members of the Class who purchased or otherwise acquired the FFN shares issued in the May Offering.

55.     At all relevant times, the Individual Defendants and Director Defendants were controlling persons of the Company within the meaning of Section 15 of the Securities Act. Each of the Individual and Director Defendants served as an executive officer and/or director of FFN prior to and at the time of the May Offering. Each of the Individual and Director Defendants at all relevant times participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of FFN's business affairs. As officers and/or directors of a publicly owned company, the Individual and Director Defendants had a duty to disseminate accurate and truthful information with respect to any

restrictions on the sale of FFN's common stock and with respect to the Company's internal controls.  By reason of the aforementioned conduct, the Individual and Director Defendants are liable under Section 15 of the Securities Act, jointly and severally with, and to the same extent as, the Company to Plaintiff and the other members of the Class.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on its own behalf and on behalf of the Class, prays for judgment as follows:

(a)    Determining this action to be a proper class action and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants, jointly and severally, for the damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

(c)    Awarding Plaintiff the fees and expenses incurred in this action including reasonable allowance of fees for Plaintiff's attorneys and experts;

(d)    Granting such other and further relief as the Court may deem just and proper.

## VIII.    JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  November 11, 2011

By: /s/ Rachelle R. Bocksch
**SIMON & BOCKSCH**
Rachelle R. Bocksch
bocksch@simon-trial.com
Florida Bar No. 151823
1001 Brickell Bay Drive, Suite 1200
Miami, FL 33131
(305) 375-6500 (phone)
(954) 629-4888 (facsimile)

**MENZER & HILL, P.A.**
Gary S. Menzer
Florida Bar No. 0060386
gmenzer@menzerhill.com
Scott L. Adkins
Delaware Bar No. 3923*
sadkins@menzerhill.com
2200 NW Corporate Blvd.
Suite 406
Boca Raton, FL 33431
Telephone:  (561) 327-7200
 Facsimile:  (561) 431-4611

*pro hac vice* motion forthcoming

**BLOCK & LEVITON LLP**
Jeffrey C. Block
Jason M. Leviton
Whitney E. Street
Scott E. Mays
155 Federal Street, Suite 1303
Boston, MA  02110
Telephone:  (617) 398-5600
Facsimile:  (617) 507-6020

*Counsel for Plaintiffs*

13