**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| GREENFIELD CHILDREN'S PARTNERSHIP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRIENDFINDER NETWORKS INC., LADENBURG THALMANN & CO., INC., IMPERIAL CAPITAL LLC, MARC H. BELL, DANIEL C. STATON, EXRA SHASHOUA, ANTHONY PREVITE, ROBERT BRACKETT, ROBERT B. BELL, BARRY W. FLORESCUE, JAMES LACHANCE, TOBY E. LAZARUS, and JASON SMITH,<br><br>Defendants. | **Case No. 9:11-CV-81270<br>MIDDLEBROOKS/VITUNAC** |

**GREENFIELD AND SCHWARTZ'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF THEIR SELECTION OF COUNSEL</u>**

## I. INTRODUCTION

Greenfield Investment Services LLC, Greenfield Children's Partnership, and David Schwartz (collectively "Greenfield and Schwartz" or "Movants"), suffered significant losses as a result of their purchases of FriendFinder Networks Inc. ("FFN" or the "Company") securities which were purchased pursuant and/or traceable to the Company's May 11, 2011 Initial Public Offering ("IPO").  Pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B) (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Movants respectfully submit this Memorandum of Law in support of their Motion for an Order: (1) appointing Greenfield and Schwartz as Lead Plaintiff on behalf of all purchasers of FFN securities purchased pursuant and/or traceable to the IPO and (2) approving Movants' selection of the law firm Block & Leviton LLP ("Block & Leviton") as Lead Counsel and Menzer & Hill, P.A. ("Menzer & Hill") as Liaison Counsel.

The above-captioned action (the "Action") was filed on behalf of the Greenfield Children's Partnership on November 14, 2011 and alleges that FFN's Registration Statement[1] and Prospectus[2] (collectively the "Offering Documents") used to effectuate the IPO contained materially untrue and/or misleading information when issued.  Because of the materially untrue and misleading statements in the Offering Documents, Movants suffered significant losses of approximately $270,000.[3]  Movants are unaware of any other movant with a greater loss.  Therefore, Greenfield and Schwartz are presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff because they have "the largest financial interest in the relief

---

[1] The Registration Statement was filed with the Securities and Exchange Commission ("SEC") on May 10, 2011.

[2] The Prospectus was filed with the SEC on May 11, 2011.

[3] Movants' losses have been calculated using the amount they actually spent for the securities.  These losses, however, could differ from their potential recovery.

sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Movants are represented in this action by Block & Leviton, which is seeking appointment as Lead Counsel and is eminently qualified to prosecute securities class action claims such as this one.

## II.  BACKGROUND

This Action is a class action brought on behalf of investors who purchased FFN common stock pursuant and/or traceable to the Company's public offering of 5,000,000 shares on May 11, 2011. Complaint at ¶ 2.[4] The IPO shares were priced at $10.00 per share, thus raising approximately $50 million for Defendants. *Id.* at ¶ 27.

FFN is an internet and technology company that provides services in the social networking and web-based video sharing markets. *Id.* at ¶¶ 3, 26. FFN runs a number of websites, including www.Amigo.com, www.AdultFriendFinder.com, and www.BigChurch.com. *Id*. The Company was founded in 1965 and is headquartered in Boca Raton, Florida. *Id.* at ¶ 3.

The Action alleges that the Offering Documents contained materially untrue and misleading statements regarding, *inter alia*: (1) the purported time period that the Company's "lock-up" agreement would be in place, and (2) the adequacy of FFN's internal financial controls.

More specifically, the IPO coincided with certain FFN stock vesting events. As a result, upon completion of the IPO, there were 26,724,598 shares of FFN common stock outstanding. *Id.* at ¶ 28. However, according to the Offering Documents, approximately 20.9 million shares of the Company's common stock were subject to a lock-up agreement (i.e., could not be traded). *Id.* at ¶ 29. Thus, the maximum number of shares that should have been available for trading as of May 11, 2011 (the date of the IPO) was approximately 5.8 million shares. *Id.* at ¶ 30. In

---

[4] References to "Complaint at ¶ __" refers to the Class Action Complaint filed by Movant Greenfield Children's Partnership on November 14, 2011.

addition, the Offering Documents stated that the Company maintained a system of adequate financial controls. *Id.* at ¶ 31.

However, contrary to the statements included in the Offering Documents regarding the existence of the lock-up agreement and the implementation of internal controls, a material number of restricted shares were immediately sold into the public marketplace, despite the fact that the lock-up agreement stated that these locked-up shares would be restricted until no earlier than November 11, 2011. *Id.* at ¶ 32. As a result of this material increase in the number of shares being publicly traded, the share price for FFN common stock has plummeted, falling over 20% on the first day of trading alone, to close at $7.85 per share. *Id.* at ¶ 33. As of November 14, 2011, the date Greenfield Children's Partnership filed the *first and only* Complaint against FFN, the Company's common stock closed at $1.88 per share – a decrease of more than 80% compared to the IPO price of $10.00 per share.

### III.     ARGUMENT

As discussed below, Greenfield and Schwartz satisfy each of the requirements of the PSLRA and are therefore qualified for appointment as Lead Plaintiff. Additionally, Movants seek appointment of Block & Leviton as Lead Counsel and Menzer & Hill as Liaison Counsel, both of which are highly qualified to prosecute this Action on behalf of FFN shareholders.

####       A.     Movants Satisfy The Procedural Requirements For Appointment As Lead Plaintiffs

The PSLRA establishes a procedure for the appointment of lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Here, Block & Leviton caused a notice to be published on November 15, 2011. *See* Docket No. 15, Exhibits A and B (filed Jan. 4, 2011).

4

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated,[5] the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members…." 15 U.S.C. § 77z-1(a)(3)(B)(i).

The 60-day period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed, 15 U.S.C. § 77z-1(a)(3)(A)(II), expires on Tuesday, January 17, 2011. Movants have moved within the statutory 60-day period. The Motion contains the required certifications setting forth, *inter alia*, (1) Movants' transactions in FFN securities pursuant and/or traceable to the IPO, (2) that Movants have reviewed (and, in the case on Greenfield Children's Partnership, indeed filed) the Complaint, and (3) are willing to serve as representative parties on behalf of the putative class. *See* Declaration of Gary S. Menzer In Support of Greenfield and Schwartz's Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Counsel ("Menzer Decl."), Exs. A (Greenfield certifications) and B (Schwartz certification). In addition, Movants have selected and retained competent and experienced counsel, as further described in counsels' firm resumes. *See* Menzer Decl., Exhibits C (Block & Leviton firm resume) and D (Menzer & Hill firm resume). As noted in Block & Leviton's firm resume, the firm's attorneys have developed an excellent reputation for successfully prosecuting federal securities law claims both in this District and throughout the United States, and have recovered well over $1 billion for shareholders in other securities class actions.

---

[5] Here, consolidation is currently unnecessary because only this Action has been filed against Defendants regarding the materially untrue and misleading statements contained in the Offering Documents. However, if additional actions are filed or transferred to this Court, Movants would respectfully request leave to file a motion for consolidation.

**B.     Movants Satisfy The Legal Prerequisites For Appointment As Lead Plaintiff**

**1.     Movants Are Presumptively The Most Adequate Plaintiffs**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the Securities Act. 15 U.S.C. § 77z-1(a)(3). The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or entity that (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R. Civ. P. 23 and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movants easily satisfy each of these requirements. Movants' collective losses in their FFN securities transactions pursuant and/or traceable to the Offering Documents are approximately $270,000. *See* Menzer Decl., Exs. A and B. Greenfield and Schwartz believe that they are the movants who have the largest financial interest in the relief sought by the class and are willing to actively participate in the leadership of this litigation through both personal involvement and consultation with their chosen counsel. Therefore, because Movants have the largest loss of any adequate movant, they are presumed to be the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Movants are also both qualified to represent the class and are willing to serve as representative parties. In addition, Movants have selected counsel that is highly experienced in prosecuting securities class actions. Accordingly, Movants satisfy the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

### 2. Movants Satisfy The Requirements Of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA also requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the *Federal Rules of Civil Procedure*." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc) (emphasis in original). Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *See Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008) (citing cases).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists when plaintiff's claims share "essential characteristics as the class at large." *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19 (quoting *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278-79 n.14 (11th Cir. 2000)). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which demonstrates whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988)

("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (internal quotation and citation omitted).  Here, the typicality requirement is plainly satisfied where, like all other class members, Movant seeks the same relief and advances the same legal theories as other class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  A representative is adequate where, as here, "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Dyadic*, 2008 U.S. Dist. LEXIS 32271, at *19 (quotations and citations omitted).

Movants are adequate representatives for the class.  Movants purchased FFN securities pursuant and/or traceable to the Company's IPO and, like other putative class members, suffered losses in the form of the diminution of the value in the price of their FFN shares.  Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and have timely submitted their choice to the Court pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

    **C.**    **The Court Should Approve Movants' Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court.  15 U.S.C. § 77z-1(a)(3)(B)(v).  Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary "to protect the interests of the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).  Movants have selected Block & Leviton and Menzer & Hill to serve as Lead Counsel and Liaison Counsel, respectively, and their appointment as such would be prudent to protect the interests of the class.

As detailed in its firm resume, the attorneys at Block & Leviton have extensive expertise and experience in the field of securities litigation and have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of investors.  *See* Menzer Decl., Exhibit C.  Thus, the Court can be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA.

## IV.  CONCLUSION

Based on the foregoing, Movants respectfully request that the Court:  (1) appoint Greenfield and Schwartz as Lead Plaintiff; (2) approve their selection of Block & Leviton and Menzer & Hill as Lead Counsel and Liaison Counsel, respectively; and (3) grant such other relief as the Court may deem to be just and proper.

DATED:  January 17, 2012             **Respectfully submitted,**

By: /s/ Rachelle R. Bocksch
**SIMON & BOCKSCH**
Rachelle R. Bocksch
bocksch@simon-trial.com
Florida Bar No. 151823
1001 Brickell Bay Drive, Suite 1200
Miami, FL 33131
(305) 375-6500 (phone)
(954) 629-4888 (facsimile)

**MENZER & HILL, P.A.**
Gary S. Menzer (general admission pending)
Scott Adkins (admitted *pro hac vice*)
2200 NW Corporate Blvd.
Suite 406
Boca Raton, FL 33431
Telephone:  (561) 327-7200
Facsimile:  (561) 431-4611
gmenzer@menzerhill.com
sadkins@menzerhill.com

> **BLOCK & LEVITON LLP**
> Jeffrey C. Block
> Jason M. Leviton
> Whitney E. Street
> 155 Federal Street, Suite 1303
> Boston, MA  02110
> Telephone:  (617) 398-5600
> Facsimile:  (617) 507-6020
> jeff@blockesq.com
> jason@blockesq.com
> whitney@blockesq.com
>
> *Proposed Lead and Liaison Counsel for the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2012, I electronically filed the foregoing document with the Clerk of the Court, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel listed below via transmission of Notices of Electronic Filing generated by CM/ECF:

Lewis F. Murphy (CM/ECF)
**SQUIRE, SANDERS & DEMPSEY (US), LLP**
200 South Biscayne Blvd., Suite 4100
Miami, FL 3313

*Attorneys for Defendants Imperial Capital, LLC and Ladenburg Thalman & Co., Inc.*

Tracy A. Nichols (CM/ECF)
Stephen P. Warren (CM/ECF)
**HOLLAND & KNIGHT, LLP**
701 Brickell Avenue, Suite 3000
Miami, FL 33131

*Attorneys for FriendFinder Networks, Inc.*

/s/ Rachelle R. Bocksch